| | |
|---|---|
| DISTRICT COURT, ROUTT COUNTY, COLORADO<br>1955 Shield Drive, P.O. Box 773117<br>Steamboat Springs, CO 80487<br><br>**Plaintiff**: CHADWICK PLACE AT STEAMBOAT HOMEOWNERS ASSOCIATION, INC., a Colorado nonprofit corporation,<br><br>**Defendants**: CHADWICK PLACE, LLC; RICHARD A. FRIEDMAN, individually; RAF, LLC; JSM BUILDERS, INC.; JEREMY S. MACGRAY, individually; SOUND CONSTRUCTION, INC.; ROGER KAROLEWSKI, individually; KJC, INC.; KIRK JONES CONSTRUCTION, INC.; KIRK JONES, individually; and PITT ROOFING& CONSTRUCTION, INC. | ▲ COURT USE ONLY ▲ |
| | Case No.: 2008CV254<br><br>Div.: |
| **ORDER REGARDING PLAINTIFF'S MOTION FOR COSTS PURSUANT TO C.R.S. §13-16-104 AND FOR PREJUDGMENT INTEREST PURSUANT TO C.R.S. §5-12-102(1)(b)** | |

The court, being fully apprised on Plaintiff's Motion for Costs Pursuant to C.R.S. §13-16-104 and all pleadings related thereto, hereby enters the following order:

Plaintiff requests that its costs be awarded against Defendant JSM, jointly and severally with Chadwick Place, LLC and Sound Construction, Inc. Defendant JSM argues that it should be liable only for Plaintiff's costs to the extent of its percentage of liability on the verdict, 18%. Defendant claims a joint and several award would be unjust because 1) Plaintiff pursued many separate Defendants in this case which caused the costs of litigation to expand and 2) the building envelope on only one of the three buildings remained to be completed when JSM took over as construction manager. Defendant JSM also objects to the reasonableness of the expert costs, arguing that engineering analyses performed by non-witness engineers were not necessary and were not relied on by the witness engineers.

Plaintiff also requests prejudgment interest on amounts it expended for roof repair prior to trial and asks for the award against all remaining Defendants jointly and severally. Defendant JSM objects, arguing that Plaintiff did not incorporate the roof repair amounts paid to Pitt Roofing into their damages request since Plaintiff settled with Pitt Roofing prior to trial and Plaintiff offered no testimony at trial that it incurred roof repair expense prior to trial. Moreover, although objecting to an award of prejudgment interest, Defendant JSM argues that any award should not be joint and several but should be pro rated amongst the three Defendants remaining at trial.

1

*Appendix A-4*

First, Defendant JSM makes no argument that Plaintiff was not the prevailing party, and properly so.

Both sides agree that the allocation of an award of costs is left to the discretion of the trial court. *Winkler v. Rocky Mountain Conference of United Methodist Church*, 923 P.2d 152 (Colo. App. 1995). As noted by JSM, however, the trial court has little guidance as to the criteria to use in evaluating the allocation issue.

Neither party offers any legal authority as to its respective position that the prejudgment interest award should be joint and several or pro rata. As noted by Plaintiff, however, the court is guided by case law on the issue of the allocation of an award of costs. Thus, the court concludes the allocation of an award of prejudgment interest is also left to the discretion of the trial court.

Under the circumstances of this case, the court is of the opinion that a joint and several award as to both costs and prejudgment interest is appropriate.

As to costs, of necessity, Plaintiff began and pursued its case as damages resulting from a troubled building project, with many parts making up the whole. That Defendant JSM may have stepped in to attempt to correct the course of construction flaws in mid-construction does not alter Plaintiff's need to prepare its case as a whole. In fact, had JSM actually succeeded in putting the troubled project on a corrected course, litigation may have been avoided entirely. That other Defendants' roles in the project may have not overlapped with the responsibilities of JSM (e.g. design of the roofs) does not negate Plaintiff's need to build its case in the project as a whole. As noted by Plaintiff, if it had presented only 18% of its expert testimony, there would have been no legitimate verdict. Plaintiff had to present—and prepare—its entire case.

The court does not recall evidence that Plaintiff's witness engineers did not rely on the background engineering assistance of non-witness engineers, as asserted by JSM. It is certainly not unusual for an expert's opinions to be based on a team effort of evaluation and preparation. The court has no basis for finding that Plaintiff's experts' fees are not reasonable.

Although the court is, regrettably, delayed in getting this order out, the court did read the pleadings closely when they were filed—much closer to the trial dates. At that time, the court made a mental note that the court recalled testimony from Plaintiff's witnesses as to the "repairs" made by Pitt Roofing years ago and the cost of those "repairs." Of course, the parties are asking the court to recall testimony in a five-day trial that occurred a full month or more before this issue at bar was raised. The court's recollection is not perfect, and the court does not have the benefit of a transcript (nor is the court inviting the filing of a transcript). Based on the court's vague recollection, however, the court concludes that Plaintiff did request damages from the jury for the cost of the Pitt Roofing "repairs." Thus, Plaintiff is entitled to prejudgment interest on the outlay for attempted repairs, and it should be awarded jointly and severally.

Plaintiff suffered damages, as determined by the jury. Although Plaintiff apparently settled with some of the many original Defendants for their portion of whatever negligence

occurred on the property, the only remaining, viable Defendant is JSM. Plaintiff, as the prevailing party, deserves to have the benefit of the award of all its costs and all of the loss of the time value of its money used in attempted repairs. It is Defendant JSM, not Plaintiff, that should have the burden of attempting to collect a share of the awarded costs and prejudgment interest from the other Defendants.

WHEREFORE, Plaintiff's Motion for Costs Pursuant to C.R.S. §13-16-104 and for Prejudgment Interest Pursuant to C.R.S. §5-12-102(1)(b) is granted. Pursuant to Rules 58 and 79(d) of the Colorado Rules of Civil Procedure, the Clerk of this Court shall, based on the verdict of the jury, forthwith enter upon the register of actions of the Court judgment in favor of Plaintiff, Chadwick Place at Steamboat Homeowners Association, Inc., and against the Defendants, severely as follows:

1. Judgment shall enter against JSM Builders, Inc. in the amount of $100,260.00 as of March 9, 2012, plus interest and costs as set forth herein.

2. Judgment shall enter against Sound Construction Inc. in the amount of $66,840.00 as of March 9, 2012, plus interest and costs as set forth herein.

3. Judgment shall enter against Chadwick Place LLC in the amount of $389,900.00 as of March 9, 2012, plus interest and costs as set forth herein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk of this Court shall, forthwith enter upon the register of actions of the Court judgment in favor of the Plaintiff, Chadwick Place at Steamboat Homeowners Association, Inc., and against the Defendants JSM Builders, Inc., Sound Construction Inc. and Chadwick Place LLC jointly and severally as follows:

4. For prejudgment interest at the rate of 8% pursuant to C.R.S. § 5-12-102(1)(b) in the amount of $27,703.09 as of March 9, 2012.

5. For costs as provided in C.R.S. § 13-16-104, in the amount of $133,329.34.

6. For post judgment interest at the legal rate of 8% as of March 9, 2012.

SO ORDERED this 13th day of June 2012.

BY THE COURT:

Shelley A. Hill
District Court Judge

This document constitutes a ruling of the court and should be treated as such.

|  |  |
|--|--|
| **Court:** | CO Routt County District Court 14th JD |
| **Judge:** | Shelley A Hill |
| **File & Serve Transaction ID:** | 43318602 |
| **Current Date:** | Jun 13, 2012 |
| **Case Number:** | 2008CV254 |
| **Case Name:** | CHADWICK PLACE AT STEAMBOAT HOMEOWNERS A vs. CHADWICK PLACE LLC et al |
| **Court Authorizer:** | Shelley A Hill |

**/s/ Judge Shelley A Hill**